RECEIPT NUMBER
200530787

8.

# UNITED STATES OF AMERICA

## IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREA McGOFF,

    Plaintiff,

-v-

U.A.G. MICHIGAN PONTIAC-GMC, L.L.C., doing business as RINKE PONTIAC-G.M.C., and TIMOTHY BIELACZYC, Jointly & Severally,

    Defendants.
_____/

JUDGE : Steeh, George Caram
DECK : S. Division Civil Deck
DATE : 09/01/2005 @ 15:10:58
CASE NUMBER : 2:05CV73396
CMP ANDREA MCGOFF VS UAG MICH
PONTIAC ET AL (LE) SI

JOEY S. NISKAR (P55480)
Attorney for Plaintiff
29201 Telegraph Rd., Ste. 330
Southfield, MI 48034
(248) 415-0356

MAGISTRATE JUDGE R. STEVEN WHALEN

_____/

## Complaint and Demand for Jury Trial

NOW COMES the plaintiff, Andrea McGoff, by and through her attorneys, Erlich, Rosen & Bartnick, P.C., and in support of her complaint against the defendants, hereby states as follows:

### A. Statement of Jurisdiction

1. The plaintiff is a resident of the City of Roseville, County of Macomb, State of Michigan.

2. U.A.G. Michigan Pontiac-G.M.C., LLC, (hereafter "UAG"), is a Delaware Limited Liability Corporation located in, and conducting business in the City of Warren, County of Macomb, State of Michigan. UAG was, at all pertinent times, doing business as Rinke Pontiac-G.M.C.

3. The defendant, Timothy Bielaczyc, works in, and thus regularly conducts business in the

County of Macomb, State of Michigan.

4. As each of the defendants reside in and/or regularly conduct business in the County of Macomb, State of Michigan, this Honorable Court possesses personal jurisdiction over the defendants, and venue is proper pursuant to 28 USC § 1391.

5. Plaintiff alleges violations of the Family and Medical Leave Act of 1993, 29 USC § 2601, *et seq* (hereafter "FMLA"). Therefore, this Honorable Court possesses subject matter jurisdiction pursuant to 28 USC § 1331 and 29 USC § 2617(a)(2).

### B. Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

6. The plaintiff began her employment with defendant, UAG on or before August 1, 2003. At the time of her termination, plaintiff was employed as a customer service representative.

7. Defendant, UAG, employed more than 50 employees within a 75 mile radius of the location of plaintiff's work site, for the requisite amount of time set forth in 29 USC § 2611.

8. Plaintiff worked more than 1250 hours for UAG in the 12 months prior to the last day she actually worked at UAG.

9. The plaintiff was eligible for leave under the FMLA prior to the date upon which she commenced her medical leave.

10. On August 2, 2004, the plaintiff was hospitalized following a suicide attempt. She was admitted to a hospital for several days and provided both medical and psychiatric treatment for severe depression. The plaintiff's employer was promptly notified of plaintiff's hospitalization.

11. The plaintiff's physician cleared her to return to work without any restrictions on August 16, 2004.

12. The plaintiff attempted to return to work on August 16, 2004, but was terminated from

her employment by defendant, Timothy Bielaczyc, due to her absence from work from August 2, 2004 to August 16, 2004.

13. Defendant, Timothy Bielaczyc, was an individual possessing the authority to terminate plaintiff's employment.

14. The termination was authorized and/or approved by defendant, Timothy Bielaczyc.

### C. Count I – Violation of the Family and Medical Leave Act, 29 USC § 2601, *et seq.*

Plaintiff incorporates all prior averments, as if fully set forth herein.

15. Plaintiff qualified as an eligible employee under the FMLA.

16. The defendant, UAG, qualified as an employer under the FMLA.

17. The plaintiff was qualified for FMLA leave under 29 USC § 2611 and 29 USC § 2612.

18. The medical condition which resulted in the plaintiff's absence from work was a "serious health condition" within the meaning of 29 USC § 2612 and 29 CFR § 825.114.

19. The plaintiff provided the defendant, UAG, with adequate, timely and sufficient notice, under the circumstances, of her need for leave.

20. Prior to terminating the plaintiff, the defendants did not make any inquiry to determine if the plaintiff's absence was subject to the plaintiff's rights and protections afforded under the FMLA and/or the regulations promulgated thereunder. Furthermore, the defendants improperly and/or fraudulently attempted to back-date the date of termination to a date that they believed was prior to the date upon which plaintiff would have become eligible for leave under the FMLA.

21. Prior to terminating the plaintiff, the defendants did not submit any written request to the plaintiff to provide medical certification to support the need for FMLA leave.

22. Prior to terminating the plaintiff, the defendants did not make any oral request to the plaintiff to provide medical certification to support the need for FMLA leave.

23. Notwithstanding the above, the defendants engaged in conduct prohibited under the FMLA, and the regulations promulgated thereunder, including but not limited to:

    a. Improperly denying the plaintiff leave under the FMLA;
    b. Improperly terminating the plaintiff in violation of the FMLA;
    c. Improperly failing to adequately and sufficiently post, publish and otherwise notify the plaintiff of her rights under the FMLA in a timely manner;
    d. Improperly failing to timely grant or deny leave under the FMLA, thereby deeming the plaintiff eligible for full rights under the FMLA;
    e. Improperly failing to timely restore the plaintiff to her prior job position, or an equivalent position following her FMLA leave;
    f. Improperly failing to maintain the plaintiff's employment benefits during the time period plaintiff was entitled to FMLA leave;
    g. Improperly failing to timely, adequately and appropriately investigate and inquire into the plaintiff's eligibility for FMLA leave and designate the same as FMLA leave;
    h. Improperly failing to timely, adequately and appropriately comply with the regulations promulgated under the FMLA;
    i. Improperly interfering with the plaintiff's rights under the FMLA;
    j. Improperly retaliating against the plaintiff for exercising and/or attempting to exercise her rights and protections afforded by the FMLA; and
    k. Wilfully, intentionally, and purposely violating the plaintiff's rights under the FMLA, and otherwise engaging in bad faith violations of the FMLA, as well as violating the requirements of the FMLA without reasonable grounds.

24. As a direct and proximate result of the defendants' violations of the FMLA and the regulations promulgated thereunder, the plaintiff has incurred all damages available at law, both in the past and into the future, specifically including all damages set forth in 29 USC § 2617, including but not limited to lost wages, lost salary, loss of employment benefits, loss of other compensation denied and lost, the cost of care, interest, costs of litigation, attorney fees and liquidated damages equal to the sum set forth in 29 USC § 2617. Plaintiff hereby seeks recovery of all such damages incurred, and those that will be incurred in the future.

25. Defendant, Timothy Bielaczyc, is being held liable in his individual capacity pursuant to 29 USC § 2611 and 29 CFR § 825.104(d).

WHEREFORE the plaintiff respectfully prays for judgment against the defendants, jointly and severally, for all compensatory damages, punitive damages, liquidated damages, exemplary damages, and economic damages available at law, together with costs, interest and attorney fees incurred in having to investigate, pursue, litigate and prosecute the instant action.

                                    Respectfully submitted,

                                    ERLICH, ROSEN & BARTNICK, P.C.

                                    By: _____
                                    JOEY S. NISKAR (P55480)
                                    Attorney for Plaintiff
                                    29201 Telegraph Rd., Ste. 330
                                    Southfield, MI 48034
Dated: September 1, 2005           (248) 415-0356

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREA McGOFF,

    Plaintiff,

-v-

U.A.G. MICHIGAN PONTIAC-GMC, L.L.C., doing business as RINKE PONTIAC-G.M.C., and TIMOTHY BIELACZYC, Jointly & Severally,
    Defendants.
_____/

JOEY S. NISKAR (P55480)
Attorney for Plaintiff
29201 Telegraph Rd., Ste. 330
Southfield, MI 48034
(248) 415-0356
_____/

Case No. 05-73396

Hon. GEORGE CARAM STEEH

MAGISTRATE JUDGE R. STEVEN WHALEN

FILED '05 SEP -1 P3:22
U.S. DIST. COURT CLERK
EAST. DIST. MICH
DETROIT-PSG

## Demand for Jury Trial

The plaintiff, Andrea McGoff, by and through her attorneys, Erlich, Rosen & Bartnick, P.C., hereby demands a trial by jury on all issues in the instant action.

    Respectfully submitted,

    ERLICH, ROSEN & BARTNICK, P.C.

    By: _____
    JOEY S. NISKAR (P55480)
    Attorney for Plaintiff
    29201 Telegraph Rd., Ste. 330
    Southfield, MI 48034
    (248) 415-0356

Dated: September 1, 2005

**05-73396**

JS 44 11/99   **CIVIL COVER SHEET**   COUNTY IN WHICH THIS ACTION AROSE: Macomb

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| I. (a) PLAINTIFFS | DEFENDANTS   GEORGE CARAM STEEH |
|---|---|
| Andrea McGoff | UAG Michigan Pontiac-GMC, LLC, d/b/a Rinke Pontiac-GMC, and Timothy Bielaczyc, Jointly & Severally |
| (b) County of Residence of First Listed   Macomb | County of Residence of First Listed   Macomb   NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (C) Attorney's (Firm Name, Address, and Telephone Number)   Joey Niskar, Erlich, Rosen & Bartnick, P.C., 29201 Telegraph Rd., Ste. 330, Southfield, MI 48034 (248) 415-0356 | Attorneys (If Known)   Possibly: Thomas Paxton, 1000 Woodbridge St. Detroit, MI 48207-3192   MAGISTRATE JUDGE R. STEVEN WHALEN |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injry - Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Family & Medical Leave Act, 29 U.S.C. Sec. 2601, et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $DEMAND Unspecified   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 9-1-05   SIGNATURE OF ATTORNEY OF RECORD   Joey Niskar (P55480)

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :