UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA McGOFF,

    Plaintiff,

vs.

U.A.G. MICHIGAN PONTIAC-GMC,
L.L.C., doing business as RINKE
PONTIAC-GMC, and TIMOTHY
BIELACZYC, Jointly & Severally,

    Defendants.
_____/

Case No: 05 CV 73396
Honorable George Steeh
Magistrate Judge R. Steven Whalen

JOEY S. NISKAR P55480
Attorney for Plaintiff

PAMELA J. BURBOTT P35422
Of counsel for Defendants

GARAN, LUCOW, MILLER, P.C.,
THOMAS R. PAXTON P36214
Attorneys for Defendants
1000 Woodbridge
Detroit, MI 48207
313-446-5518
_____/

## ANSWER TO COMPLAINT

NOW COME the defendants, **U.A.G. MICHIGAN PONTIAC-GMC, L.L.C., doing business as RINKE PONTIAC-GMC, and TIMOTHY BIELACZYC**, and in response to Plaintiff's Complaint, states as follows:

### A. Statement of Jurisdiction

1.    Answering Paragraph 1, defendants neither admit nor deny the allegations contained in paragraph 1 as they are without information and belief sufficient in which to formulate an answer.

2.    Answering Paragraph 2, defendants admit the allegations contained in paragraph 2 as they are true.

3. Answering Paragraph 3, defendants admit the allegations contained in paragraph 3 as they are true.

4. Answering Paragraph 4, defendants neither admit nor deny the allegations contained in paragraph 4 as they are without information and belief sufficient in which to formulate an answer.

5. Answering Paragraph 5, defendants neither admit nor deny the allegations contained in paragraph 5 as they are without information and belief sufficient in which to formulate an answer.

**B. Factual Allegations**

6. Answering Paragraph 6, defendants deny the allegations contained in paragraph 6 as they are untrue. Specifically, defendants state that plaintiff was first employed on August 4, 2003. At the time of her termination, the plaintiff was employed as customer relations representative.

7. Answering Paragraph 7, defendants admit the allegations contained in paragraph 7 as they are true.

8. Answering Paragraph 8, defendants neither admit nor deny the allegations contained in paragraph 8 as they are without information and belief sufficient in which to formulate an answer.

9. Answering Paragraph 9, defendants deny the allegations contained in paragraph 9 as they are untrue.

10. Answering Paragraph 10, defendants neither admit nor deny the allegations contained in paragraph 10 as they are without information and belief sufficient in which to formulate an answer.

11. Answering Paragraph 11, defendants neither admit nor deny the allegations contained in paragraph 11 as they are without information and belief sufficient in which to formulate an answer.

12. Answering Paragraph 12, defendants neither admit nor deny the allegations contained in paragraph 12 as they are without information and belief sufficient in which to formulate an answer.

13. Answering Paragraph 13, defendants admit that Mr. Bielaczyc had authority to recommend the termination of plaintiff's employment.

14. Answering Paragraph 14, defendants admit that Mr. Bielaczyc had authority to recommend the termination of plaintiff's employment.

15. Answering Paragraph 15, defendants deny the allegations contained in paragraph 15 as they are untrue.

16. Answering Paragraph 16, defendants admit the allegations contained in paragraph 16.

17. Answering Paragraph 17, defendants deny the allegations contained in paragraph 17.

18. Answering Paragraph 18, defendants neither admit nor deny the allegations contained in paragraph 18 as they are without information and belief sufficient in which to formulate an answer.

19. Answering Paragraph 19, defendants neither admit nor deny the allegations contained in paragraph 19 as they are without information and belief sufficient in which to formulate an answer.

20. Answering Paragraph 20, defendants affirmatively state that the plaintiff was not entitled to FMLA protection as she was not a qualified employee as defined under the Family Medical Leave Act ("FMLA"). As to any other allegation contained in paragraph 20, defendants deny the allegations as they are untrue.

21. Answering Paragraph 21, defendants affirmatively state that plaintiff was not eligible for FMLA leave nor did she provide adequate and timely notice of her intent to take such leave.

22. Answering Paragraph 22, defendants affirmatively state that plaintiff was not eligible for FMLA leave nor did she provide adequate and timely notice of her intent o take such leave.

23. Answering Paragraph 23, defendants deny the allegations contained in paragraph 23 and its subparts as they are untrue..

24. Answering Paragraph 24, defendants neither admit nor deny the allegation that she has incurred damages, however defendants specifically deny any allegations contained in paragraph 24, either expressed or implied, that any action or inaction of the defendants caused or contributed to those damages.

25. Answering Paragraph 25, defendants deny the allegations contained in paragraph 25 as they are untrue.

WHEREFORE, Defendants prays this Honorable Court enter an Order dismissing plaintiff's claims and awarding the defendants their costs and attorney fees so wrongfully incurred by the necessity of this action.

GARAN LUCOW MILLER, P.C.

THOMAS R. PAXTON (P36214)
Attorneys for Defendants
1000 Woodbridge Street
Detroit, MI 48207-3192
313-446-5518

Dated: October 13, 2005
611189.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA McGOFF,

    Plaintiff,

vs.

U.A.G. MICHIGAN PONTIAC-GMC,
L.L.C., doing business as RINKE
PONTIAC-GMC, and TIMOTHY
BIELACZYC, Jointly & Severally,

    Defendants.
_____/

Case No: 05 CV 73396
Honorable George Steeh
Magistrate Judge R. Steven Whalen

JOEY S. NISKAR P55480
Attorney for Plaintiff

PAMELA J. BURBOTT P35422
Of counsel for Defendants

GARAN, LUCOW, MILLER, P.C.,
THOMAS R. PAXTON P36214
Attorneys for Defendants
1000 Woodbridge
Detroit, MI 48207
313-446-5518
_____/

## NOTICE OF SPECIAL AND/OR AFFIRMATIVE DEFENSES

NOW COME the defendants, **U.A.G. MICHIGAN PONTIAC-GMC, L.L.C., doing business as RINKE PONTIAC-GMC, and TIMOTHY BIELACZYC**, and sets forth the following affirmative defenses:

    1.    Plaintiff's claim is barred by the applicable statute of limitations.

    2.    Plaintiff's claims are barred by the doctrines of laches and/or estoppel.

    3.    Plaintiff has failed to mitigate her damages.

    4.    Plaintiff has failed to state a claim upon which relief can be granted.

5.  There is no genuine issue of material fact and the defendants are entitled to a judgment as a matter of law.

6.  Defendants reserve the right to add to or amend these affirmative defenses as discovery so reveals.

GARAN LUCOW MILLER, P.C.

THOMAS R. PAXTON (P36214)
Attorneys for Defendants
1000 Woodbridge Street
Detroit, MI 48207-3192
313-446-5518

Dated: October 13, 2005

611206.1

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA McGOFF,

    Plaintiff,

vs.

U.A.G. MICHIGAN PONTIAC-GMC,
L.L.C., doing business as RINKE
PONTIAC-GMC, and TIMOTHY
BIELACZYC, Jointly & Severally,

    Defendants.
_____/

Case No: 05 CV 73396
Honorable George Steeh
Magistrate Judge R. Steven Whalen

JOEY S. NISKAR P55480
Attorney for Plaintiff

PAMELA J. BURBOTT P35422
Of counsel for Defendants

GARAN, LUCOW, MILLER, P.C.,
THOMAS R. PAXTON P36214
Attorneys for Defendants
1000 Woodbridge
Detroit, MI 48207
313-446-5518
_____/

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the plaintiff of record of all parties to the above cause at their respective business addresses as disclosed by the pleadings of record herein on October 13, 2005. I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

By:     _x_ U.S. Mail    ____ Facsimile

        ____ Hand Delivery     ____ Other:

                                    _Ross Doherty_
                                    ROSS DOHERTY